UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-303-FDW

| | |
|---|---|
| BRYAN LOGAN, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| STATE OF NORTH CAROLINA,[1] | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 5).

## I. BACKGROUND

Pro se Petitioner Bryan Logan is a prisoner of the State of North Carolina, who, on December 6, 2010, in the Superior Court of Cleveland County, pled guilty to second-degree murder and was sentenced pursuant to the exact terms of his plea bargain to 214-266 months imprisonment, in case 09 CRS 50230. (Doc. Nos. 6-2; 6-3; 6-4). Petitioner was represented by Calvin E. Coleman and did not appeal. On October 12, 2011, Petitioner filed a pro se motion for appropriate relief (MAR) and motion for preparation of a stenographic transcript, in the Superior Court of Cleveland County. (Doc. No. 6-5). On November 2, 2011, the MAR Court summarily denied the MAR on the merits and, alternatively, based on procedural bar. (Doc. No. 6-6). On June 27, 2013, Petitioner filed another pro se MAR and motion for preparation of a stenographic transcript, both documents dated June 12, 2013, with the Superior Court of Cleveland County.

---

[1] Because Petitioner is incarcerated at Marion Correctional Center, the proper Respondent is the Administrator of that facility.

1

(Doc. No. 6-7).  On July 5, 2013, Judge Bridges denied the MAR on the merits and based on procedural bar.  (Doc. No. 6-8).  On August 8, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals.  (Doc. No. 6-9).  On August 22, 2013, the state filed a response.  (Doc. No. 6-10).  On August 23, 2013, certiorari was denied.  (Doc. No. 6-11).

Petitioner dated his pro se federal habeas application form November 6, 2013, and filed it in this Court on November 12, 2013.  On March 7, 2014, Respondent filed the pending motion for summary judgment.  (Doc. No. 5).  On March 18, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion.  (Doc. No. 7).  Petitioner did not file a response to the summary judgment motion.[2]  Petitioner's sole ground for relief is that he was denied due process because the December 1, 2009, amendment to the North Carolina Structured Sentencing Act (SSA) grids should apply to him since he was sentenced on December 6, 2010.

## II.     STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).  Where, however, the record taken as a whole could not lead a rational trier

---

[2] Since Petitioner did not file a response to the Government's summary judgment motion he is deemed to have abandoned his claim.  See Crosby v. Gastonia, 635 F.3d 634, 637 n.3 (4th Cir. 2011).  In an abundance of caution, however, the Court will address Petitioner's claim.

of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States

Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

## III. DISCUSSION

### A. STATUTE OF LIMITATIONS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2). However, the filing of any motions after the one-year limitations period has already run do not revive the already expired one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In support of summary judgment, Respondent first contends that the petition is time-

5

barred. The Court agrees.[3] Because Petitioner's guilty plea judgment was entered on December 6, 2010, and he did not appeal, his conviction became final at the latest fourteen days later on Monday, December 20, 2010. See N.C. R. App. P. 4(a)(2). Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) therefore commenced on Monday, December 20, 2010, and ran for 296 days until he filed his first MAR on October 12, 2011. The state court records do not reveal that Petitioner filed a certiorari petition in the North Carolina Court of Appeals, seeking review of the MAR Court's November 2, 2011, order denying the October 12, 2011 MAR. Petitioner's one-year period of limitation therefore re-commenced on November 2, 2011, and fully expired 69 days later on Tuesday, January 10, 2012, i.e., 296 + 69 = 365 days. Because Petitioner dated his pro se federal habeas application form November 6, 2013, and filed it in this Court on November 12, 2013, it is over nine months out-of-time. Furthermore, neither Petitioner's June 17, 2013, MAR nor his August 8, 2013, certiorari petition, could serve to revive the already expired one-year period of limitation. Minter v. Beck, 230 F.3d at 665.

    To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not shown that he was diligent in pursuing his right to file his § 2254 petition, nor has he shown that an extraordinary circumstance prevented him from filing the petition in a timely manner. In his pro se federal habeas application form, Petitioner contends his petition should not be deemed untimely because he wrote N.C. Prisoner Legal Services, Inc. (PLS) two weeks after

---

[3] The statute of limitation defense is based on Petitioner's own representation of his post-conviction procedural history contained in his sworn, pro se federal habeas petition, and copies of corresponding state court pleadings and/or orders filed by Respondent.

his conviction but did not get his pro se MAR filed until October 12, 2011. This is apparently an assertion that PLS either refused to represent him, or delayed reviewing his case for some period of time, causing his petition to be untimely. A prisoner's explanation that he missed the one-year period of limitation because he was waiting on PLS to complete a review of his case is insufficient to warrant equitable tolling. Accord Rhew v. Beck, 349 F. Supp. 2d 975, 978 (M.D.N.C.) (recommendation M.J. Eliason), adopted, 349 F. Supp. 2d 975 (2004) (J. Osteen), appeal dismissed, 158 Fed. Appx. 410 (4th Cir. 2005). Next, Petitioner also asserts that he intended to file a certiorari petition seeking review of the denial of his October 12, 2011, MAR, but misunderstood and mailed only one copy to the Attorney General's office. Petitioner's mistake in failing to file a pro se certiorari petition in the North Carolina Court of Appeals is not a reason for applying equitable tolling to an untimely federal habeas petition. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999). In sum, the petition is untimely and Petitioner is not entitled to equitable tolling.

**B. MERITS OF PETITIONER'S CLAIM**

In addition to arguing that the petition is barred as untimely, Respondent also contends that Petitioner's claim is without merit. The Court agrees. In his sole ground for relief, Petitioner contends that he was denied due process because the December 1, 2009, amendment to the North Carolina Structured Sentencing Act (SSA) grids should apply to him, as he was sentenced on December 6, 2010. This claim is without merit. First, by entering his knowing, voluntary, and counseled guilty plea pursuant to a plea bargain for a specific sentence of 214-266 months, and then receiving the full benefit of his bargain, Petitioner has waived his due process

7

claim.[4]  See generally Santobello v. New York, 404 U.S. 257 (1971).  Regardless of Petitioner's plea, Petitioner is not entitled to relief.  Petitioner committed the offense for which he was convicted on January 1, 2009.  The December 1, 2009, amendments to the SSA were expressly made to apply prospectively only, to offenses committed on or after December 1, 2009.  N.C. GEN. STAT. § 15A-1340.17 (2009).  Petitioner was therefore not entitled to be sentenced under the December 1, 2009, or December 1, 2011, amendments to the SSA.

Petitioner raised the substance of his claim in his June 7, 2013, MAR, and the MAR Court denied the claim alternatively on the merits.  The MAR Court's denial of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts, in light of the evidence presented in the state court proceedings.  This Court finds no clearly established Supreme Court precedent prohibiting a state legislature from prospectively reducing the maximum sentence for a crime even though prisoners who committed offenses before enactment of the state sentencing law will serve a longer term of imprisonment than prisoners who committed offenses after enactment of the sentencing law.  Indeed, courts generally presume that "legislation, especially of the criminal sort, is not to be applied retroactively" unless the legislature clearly requires otherwise.  Johnson v. United States, 529 U.S. 694, 701 (2000).  In other words, a habeas petitioner has no federal constitutional right to retroactive application of more lenient state sentencing laws where the state legislature or the state courts have indicated that the laws are to be applied prospectively only.  See Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004) ("[W[e have repeatedly refused to find a federal

---

[4] Furthermore, to the extent Petitioner may be alleging a violation of state law, it is not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991).

8

constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit."); McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991) (holding that the prospective application of a state sentencing law did not violate equal protection for those prisoners sentenced under a prior sentencing scheme).

In sum, for the reasons stated, even if Petitioner's Ground One were not time-barred, it would be dismissed on the merits.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment because the petition is time-barred and, in any event, Petitioner's claim fails on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 5), is **GRANTED**, the petition is denied, and this action is dismissed.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the

dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 10, 2014

Frank D. Whitney
Chief United States District Judge